# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JACOBI TEMPLE,                          )
                                        )
      Movant,                     )
                                        )
    v.                              )        No. 4:19-CV-01758 JAR
                                        )
UNITED STATES OF AMERICA,               )
                                        )
      Respondent.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Jacobi Temple's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, as amended. (Doc. Nos. 1, 14). The Government responded. (Doc. No. 20). Movant did not file a reply. The motion is therefore, fully briefed and ready for disposition. For the following reasons, Movant's motion is denied.[1]

## I.      Background

On March 26, 2018, Movant waived indictment and pled guilty to three counts of a three-count Superseding Information charging Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count 1); Possessing, Brandishing and Discharging a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death, in violation of 18 U.S.C. § 924(j)(1) and 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2); and Possessing, Brandishing and Discharging a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death, in

---

[1] Because Movant's motion can be conclusively determined based on the motion, files and records of the case, an evidentiary hearing need not be held. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

violation of 18 U.S.C. § 924(j)(1) and 18 U.S.C. § 924(c)(1)(C)(i) (Count 3). At his plea hearing,

Movant acknowledged, under oath, that:

> Beginning in approximately the late-summer or early fall of 2014, Movant, along with Demante Syms, Samuel Spires, and others, agreed to engage in the distribution of heroin. Heroin distribution would occur within the City of Saint Louis which is within the federal jurisdiction of the Eastern District of Missouri. Movant acknowledges that, during the course of this drug distribution conspiracy, between 100 grams and 400 grams of heroin was distributed or possessed with the intent to be distributed. On certain occasions, Movant provided heroin to victims Brittney Brown, Paige Schaefer, and Tammie Thurmond. As of March 27, 2015, each victim had failed to pay Movant for certain sales of heroin he previously provided to each.

> On March 27, 2015, Movant, along with Demante Syms and Samuel Spires, traveled in a vehicle to the area of 4467 ltaska Street, Saint Louis, Missouri which is within the federal jurisdiction of the Eastern District of Missouri. Movant was able to determine that Brittney Brown and Paige Schaefer could be located at that residence based upon information received by defendant from Tammie Thurmond. Movant travelled to the address for the purpose of obtaining payment for heroin previously distributed by defendant to each of the females that had not yet been paid for. Movant possessed a firearm. During the course of demanding payment for the heroin distributed by Movant, Movant brandished and discharged his firearm. As a result of Movant's firearm discharge, James Lacey and Paige Schaefer were shot and killed. Brittney Brown was shot and gravely injured. Movant shot and killed victims James Lacey and Paige Schaefer with malice aforethought and premeditation and in the perpetration of taking money Movant believed was due to him. Therefore, Movant's killings of victims James Lacey and Paige Schaefer were murders in the first degree.

> Movant left the ltaska residence in the vehicle. Demante Syms and Samuel Spires were with Movant. Movant contacted and eventually picked up Tammie Thurmond. Movant eventually drove the vehicle into an alley near 4232 S. 371h Street, Saint Louis, Missouri which is within the federal jurisdiction of the Eastern District of Missouri. Movant stopped the vehicle. Movant demanded payment from Tammie Thurmond. Tammie Thurmond was removed from the vehicle. Movant brandished and discharged his firearm. As a result of Movant's firearm discharge, Tammie Thurmond was shot and died. Movant shot and killed victim Tammie Thurmond with malice aforethought and premeditation and in the perpetration of demanding money defendant believed was due to him. Therefore, Movant's killing of victim Tammie Thurmond was a murder in the first degree.

(Plea Agreement, Case No. 4:15-CR-00230, Doc. No. 372 at 5-6; Plea Transcript, Doc. No. 415 at 19-22).

The transcript of the plea hearing reflects that the Court closely examined Movant regarding the voluntariness of his plea, and found the plea was made "intelligently and voluntarily," with a full understanding of the charges and the consequences of the plea. (Plea Transcript at 7-8, 30-33, 35). Movant stated that no one had threatened him or pressured him into pleading guilty (id. at 10, 31), and that he was fully satisfied with his attorney's representation (id. at 7-8).

On June 27, 2018, the Court sentenced Movant to a term of imprisonment of 600 months, consisting of consecutive terms of: 180 months on Count 1; 120 months on Count 2; and 300 months on Count 3, to run concurrently with any sentence imposed in Case No. 15SL-CR04067, in Circuit Court, St. Louis County, Missouri, followed by five years of supervised release. No appeal was filed.

On June 20, 2019, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence raising the following grounds for post-conviction relief: (1) ineffective assistance of counsel for failing to object to the Government's alleged violation of Department of Justice ("DOJ") policy by pursuing multiple Section 924(c) charges; (2) ineffective assistance of counsel for coercing Movant into signing the Plea Agreement and for failing to object to the Government's threats to incarcerate Movant's family members; (3) ineffective assistance of counsel for failing to object to inconsistent "conspiracy" dates in the indictment and Plea Agreement; (4) failure by the Court to determine a "factual basis for the plea"; (5) ineffective assistance of counsel for failing to investigate Movant's case; and (6) that Movant is actually innocent of the charge in Count 1,

conspiracy to distribute heroin. (Doc. No. 1 at 13-15). The Government filed its response on November 7, 2019. (Doc. No. 12).

On November 18, 2019, Movant filed an amended § 2255 motion adding a seventh claim: that the changes in the type of multiple convictions under 18 U.S.C. § 924(c)(1)(A) that are to run consecutively made by the First Step Act should apply retroactively to Movant. (Doc. No. 14). At the Court's direction, the Government filed an amended response to Movant's amended motion on January 2, 2020. (Doc. No. 20).

## II.    Standard of review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and

4

actual prejudice or (2) actual innocence." <u>United States v. Moss</u>, 252 F.3d 993, 1001 (8th Cir. 2001) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003); <u>United States v. Davis</u>, 452 F.3d 991, 994 (8th Cir. 2006); <u>United States v. Cordy</u>, 560 F.3d 808, 817 (8th Cir. 2009). Establishing ineffective assistance of counsel is a "heavy burden." <u>See</u> <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996). In the context of a guilty plea, Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Gumangan v. United States</u>, 254 F.3d 701, 705 (8th Cir. 2001) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985) (internal quotations omitted)); <u>see also</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

"In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Nguyen v. United States</u>, 114 F.3d 699, 704 (8th Cir. 1997) (citing <u>Strickland</u>, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court need not consider the other. <u>See</u> <u>Strickland</u>, 466 U.S. at 697.

### III.   Discussion

As a threshold matter, the Government argues that Movant is attempting to circumvent the terms of the Plea Agreement by raising his claims regarding multiple § 924(c) counts, inconsistent

conspiracy dates, lack of a factual basis for his plea, and the retroactivity of First Step Act changes (Grounds 1, 3, 4, 7) under the guise of an ineffective assistance of counsel claim in a post-conviction motion when in fact those claims were waived under the terms of the Agreement. The Government further argues that because Movant failed to raise these claims on direct appeal, they are procedurally defaulted.

In the Guilty Plea Agreement, Movant waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Plea Agreement at 10, ¶ 7.b.) It is well established that a defendant may waive his Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000); United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. Andis, 33 F.3d at 891 (citing DeRoo, 223 F.3d at 923-24). The Eighth Circuit has cautioned, however, that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." Id.

Here, Movant entered into the Guilty Plea Agreement freely, voluntarily, and intelligently, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. (Plea Agreement at ¶ 7(a)(1); Plea Transcript at 27-31). Movant has not established that enforcement of the waiver would result in a "miscarriage of justice." Movant claims he is innocent "due to the insufficiency of evidence and his unawareness of the standard required to

6

prove that he committed the offense for which he was charged and that his defense attorney provided ineffective assistance in securing his plea agreement." (Doc. No. 1 at 14). However, as discussed <u>infra</u>, a review of the facts admitted by Movant in the Plea Agreement and Presentence Investigation Report ("PSR") and confirmed during the change of plea and sentencing hearings contradict any claim of actual innocence.

Thus, the Court finds Movant has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding. <u>Jackson v. United States</u>, No. 4:19-CV-1045 RLW, 2022 WL 4078867, at *10 (E.D. Mo. Sept. 6, 2022).

Movant's claims are also subject to procedural default because he did not raise them on direct appeal. <u>Anderson</u>, 25 F.3d at 706. To overcome procedural default, Movant must show both "cause" and "actual prejudice" or that he is actually innocent. <u>Bousley</u>, 523 U.S. at 622. Movant has not alleged, much less established, the requisite showing of "cause," nor can he demonstrate a reasonable probability that but for the error he would not have entered a guilty plea. <u>See e.g.</u>, <u>Moss</u>, 252 F.3d at 1001; <u>United States v. Sileven</u>, 112 F.3d 940, 941 (8th Cir. 1997). Thus, he must make a threshold showing of "actual innocence," that is, factual innocence, not mere legal insufficiency. <u>Bousley</u>, 523 U.S. at 623.

Movant states he is innocent given the insufficiency of evidence but fails to allege any new and reliable evidence that indicates his innocence. He further argues he is innocent because he was unaware of the standard required to prove that he committed the offense, an argument of legal insufficiency. Again, as discussed <u>infra</u>, any claim of actual (or factual) innocence by Movant fails. Thus, Movant's claims are procedurally defaulted.

7

However, even if Grounds 1, 3, 4, and 7 were not waived or procedurally defaulted, they would still fail on the merits, as discussed below.

### 1.  Counsel ineffective for failing to object to Government's alleged violation of DOJ policy by pursuing multiple § 924(c) charges

Movant alleges his counsel was ineffective for failing to argue that the Government violated an internal DOJ policy that prevents a defendant from being sentenced on multiple § 924(c) counts when all of the § 924(c) counts are based on a single predicate offense. Citing United States v. McArthur, 850 F.3d 925, 940-41 (8th Cir. 2017), Movant argues he was placed in double jeopardy because he was charged with two § 924(c) violations based on the same predicate drug trafficking offense.[2]  The Government responds that the DOJ policy at issue in McArthur is inapplicable to the circumstances of Movant's case and further, said policy does not confer a right on criminal defendants to challenge charging decisions made by the Government. As a result, Movant's counsel was not ineffective for not pursuing a meritless claim. See Graves v. Ault, 614 F.3d 501, 507 (8th Cir. 2010).

The Superseding Information to which Movant pled guilty charged him in Counts 2 and 3 with two separate violations of 18 U.S.C. § 924(c)(1)(A) for knowingly possessing, brandishing and discharging a firearm in furtherance of the drug trafficking crime charged in Count 1 in two

---

[2]  To the extent Movant argues that the term "drug trafficking crime" in 18 U.S.C. § 924(c)(2) is unconstitutionally vague, his reliance on United States v. Davis, 139 S. Ct. 2319 (2019) is misplaced. In Davis, the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 924 (c)(3)(B) is unconstitutionally vague. The Court did not purport to rule on the constitutionality of the term "drug trafficking crime" in § 924(c)(2). Furthermore, Movant's argument was expressly rejected in United States v. Chaidez, 916 F.2d 563, 564-65 (9th Cir. 1990). And finally, Movant's contention that a conspiracy to commit drug trafficking does not constitute a drug trafficking crime and thus should not trigger a § 924(c) enhancement has been rejected by the Eighth Circuit. See United States v. Williams, 910 F.3d 1084, 1093 (8th Cir. 2018); United States v. Saddler, 538 F.3d 879, 888 (8th Cir. 2008); United States v. Bordeaux, 436 F.3d 900, 904 (8th Cir. 2006).

separate incidents, which led to the murder of three people. Unlike the § 924(c) violations charged against the defendant in McArthur, the two § 924(c) counts with which Movant was charged were punishable under § 924(j), which makes it an offense to kill a person in the course of a crime prohibited by § 924(c) (drug crimes, and crimes of violence), and not under § 924(c)(1)(A). In United States v. Curtis, 324 F.3d 504, 507 (7th Cir. 2003), the Seventh Circuit held that using a single drug trafficking offense to support two separate § 924(j) convictions does not violate double jeopardy. "[I]t is a substantial leap to infer … that Congress did not intend in § 924(j) to punish each murder separately. At a minimum, there is nothing in the language of the statute … that expressly requires the prosecutor to prove a separate drug trafficking offense in violation of § 924(c)(1)(A) for each charged violation of § 924(j). Id. at 508. See also United States v. Davis, No. CRIM.A. 01-282, 2003 WL 21276363, at *3 (E.D. La. June 2, 2001) (holding it was permissible and not a violation of double jeopardy to charge separate murders in violation of § 924(j) even though they were committed in the course of one drug conspiracy).

Furthermore, federal circuit courts, including the Eighth Circuit, have concluded that internal DOJ policy directing the exercise of prosecutorial discretion does not confer substantive rights on any party. See United States v. Lee, 274 F.3d 485, 493 (8th Cir. 2001) (defendant did not have judicially enforceable rights in internal Department of Justice (DOJ) procedures, including death penalty protocol contained in the United States Attorneys' Manual); see also Bolden v. United States, 171 F. Supp. 3d 891, 903-04 (E.D. Mo. 2016) (citing cases). Movant's counsel cannot be ineffective for failing to present a meritless claim. Graves, 614 F.3d at 507. Ground 1 is denied.

**2.     Counsel ineffective for coercing Movant into pleading guilty**

Next, Movant alleges his counsel was ineffective for failing to object to the Government's alleged threats to incarcerate his family members, effectively coercing him into pleading guilty. Movant provides no evidence in support of his allegations, which are belied by the record at his change of plea hearing wherein he testified under oath that nobody had threatened him in order to force him to plead guilty and that he was satisfied with his attorney. (Plea Tr. at 10, 30-31).

During the hearing, the Court first confirmed that Movant was competent to proceed and then extensively questioned him regarding the representation he had received from defense counsel:

> COURT: . . . But generally, you have had enough time to talk to him about this case; is that correct?
> TEMPLE: Right.
> COURT: He has answered all of your questions?
> TEMPLE: Right.
> COURT: He has done everything you have asked him to do in the case?
> TEMPLE: Yes.
> COURT: I know the case has been going on for a long time. There have been extensive hearings in this case. You are satisfied with all of the services Mr. Juengel has provided for you; is that correct?
> TEMPLE: I am.
> COURT: He has done a good job for you; is that correct?
> TEMPLE: Yeah.
> COURT: Okay. I just want to make sure he has done everything you have asked him to do in the case?
> TEMPLE: Yeah.

(Plea Tr. pp. 7-8). Movant then advised the Court that he had had enough time to review the Agreement with defense counsel and that he understood everything in it. (Id. at 15-16). Movant also reconfirmed that he had signed and entered into the agreement "freely and voluntarily" and understood the basic framework of the Agreement. (Id. at 16-18).

The Court then questioned Movant regarding his understanding of various provisions in the Agreement, including the elements of the charges to which he would be pleading guilty and

10

the facts supporting those elements, the statutory penalties and sentencing guidelines, and the parties' joint recommendation of a sentence of 50 years imprisonment. (Id. at 19-21, 23-26). Movant again responded that he understood the terms of the Agreement and admitted that he committed each of the elements of the offenses to which he was pleading guilty. (Id.) Movant also admitted, among other things, that the statement of facts contained in the Agreement and recited by the prosecutor was true and correct. (Id. at 21-22).

Finally, the Court questioned Movant on the voluntariness of his plea:

COURT: And then on page 14 it talks about the voluntary nature of the guilty plea agreement, you being here today freely and voluntarily. I just want to ask you again with regard to this guilty plea agreement, did you sign and enter into this agreement freely and voluntarily?
TEMPLE: Yes.
COURT: You had enough time to go over this agreement, understand everything in it, is that correct?
TEMPLE: Yes.
COURT: Are you here today entering this plea of guilty freely and voluntarily?
TEMPLE: Yeah.
COURT: Other than representations in this guilty plea agreement, and the things that I have said to you here today on the record, has anybody promised you anything, threatened you in any way, made any other representation to you of any kind to get you to enter the plea of guilty here today?
TEMPLE: No.
COURT: So again, other than this joint recommendation that you be sentenced to 50 years in the Bureau of Prisons on these three counts, no one has made any promise to you, threat, any other representation to you of any kind to get you to enter the plea of guilty; is that correct?
TEMPLE: Correct.
COURT: And you are doing this freely, voluntarily, and intelligently, is that correct?
TEMPLE: Correct.

(Id. at 30-31). At the conclusion of the hearing, the Court accepted Movant's pleas of guilty to the three counts in the information, finding there was a factual basis for each and that they were made "freely, voluntarily, and intelligently with a full understand of the charges, and the consequences of the pleas . . ." (Id. at 35).

A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. Id. "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988).

Because the record in the criminal case clearly establishes that Movant knowingly, intelligently, and voluntarily entered into his plea agreement and pled guilty, Ground 2 is denied.

### 3.      Counsel ineffective for failing to object to inconsistent conspiracy dates

Movant alleges his counsel was ineffective for failing to object to the inconsistency between the time period of the offense as set out in Count One of the Superseding Information – "[b]eginning on or about December 1, 2012, and continuing to on or about March 27, 2015" – and the time period set out in the Elements Section of the Plea Agreement – "[b]eginning on or about January 1, 2015, and continuing up to and including March 27, 2015."

The Eighth Circuit has held that the time frame of a conspiracy is not an element of the offense. See United States v. Moore, 639 F.3d 443, 447 (8th Cir. 2011) ("When the date of the offense is not an element of the charge, we have held on many occasions that a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed withing the statute of limitations period, and prior to the return date of the indictment."); see also, United States v. Ghant, 339 F.3d 660, 662 (8th Cir. 2003) (time is not a material element of a

conspiracy charge). Here, Movant was charged within the applicable statute of limitations. Movant fails to establish how he was prejudiced by his attorney's failure to raise the discrepancy or how it would have benefitted his case. Indeed, this discrepancy had no bearing on the facts which formed the basis of his guilty plea. Again, Movant's counsel cannot be ineffective for failing to present a meritless claim. Graves, 614 F.3d at 507. Ground 3 is denied.

### 4.     Court erred in finding a factual basis for the plea

Movant alleges the Court erred in determining there was a factual basis for his guilty plea to Count One of the Superseding Information charging him with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. § 846. Specifically, Movant argues there was no evidence of dug sales, proof of possession of heroin, controlled buys, surveillance of drug activity, wiretap evidence, or evidence of amounts of drugs sold. The Government responds that evidence of specific drug possession and distribution is not necessary to establish a conspiracy to distribute drugs; it need only show defendants entered into an agreement to distribute narcotics. See United States v. Lewis, 895 F.3d 1004, 1009 (8th Cir. 2018); United States v. Trejo, 831 F.3d 1090, 1094 (8th Cir. 2016) (holding Government was not required to prove defendant possessed methamphetamine to prove he entered into a conspiracy to distribute methamphetamine).

A guilty plea is supported by an adequate factual basis when the record contains "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." United States v. Cheney, 571 F.3d 764, 769 (8th Cir. 2009) (quoting United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003)). Facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court are

13

sufficient to find a factual basis for a guilty plea. United States v. Johnson, 715 F.3d 1094, 1101 (8th Cir. 2013); United States v. Belmont, 831 F.3d 1098 (8th Cir. 2016). Facts set forth in the presentence report can also be considered in determining whether there was a sufficient factual basis for the plea. Johnson, 715 F.3d at 1101 (citations omitted).

 Here, there was sufficient evidence of Movant's participation in a conspiracy to distribute heroin as set forth in the Plea Agreement and introduced at his change of plea hearing to establish a factual basis for his plea. During the plea hearing, Temple confirmed that he agreed with the facts in the Agreement and that they were "true and correct." (Plea Transcript at 22). Ground 4 is denied.

### 5.      Counsel ineffective for failing to investigate Government's case

Movant alleges his attorney was ineffective for failing to adequately investigate the Government's case. In particular, Movant contends that had his attorney researched the elements required to prove conspiracy to distribute heroin as charged in Count One of the Superseding Information, he would have realized that Movant was innocent of this crime and would not have encouraged him to plead guilty. Movant argues the Government could not produce evidence of "proof of sale conducted by Movant" or "possession of heroin on any occasion according to the alleged 'conspiracy' dates."

As discussed above, to convict a defendant of conspiracy to distribute drugs, the Government must prove: (i) there was an agreement to distribute drugs; (ii) defendant knew of the agreement; and (iii) defendant intentionally joined in the agreement. Lewis, 895 F.3d at 1009. Possession and distribution of quantities of heroin are not elements of the offense. Trejo, 831 F.3d at 1094.

14

Further, Movant cannot establish he would have gone to trial if his attorney had conducted the investigation he contends should have been done. Movant agreed in the Plea Agreement that he was "fully satisfied with the representation received from defense counsel;" and that defense counsel had "completely and satisfactorily explored all areas which [he] had requested relative to the government's case and any defenses." (Plea Agreement at ¶ 9). In addition, Movant stated under oath at his change of plea hearing and at sentencing that he was satisfied with the services provided by his attorney.

Lastly, as noted by the Government, Movant received a substantial benefit by entering into a plea agreement with the Government that limited his sentence to 50 years. Under these circumstances, it is unlikely that Movant would have insisted on going to trial even if his attorney had investigated in the manner Movant suggests he should have. Ground Five is denied.

### 6.    Movant is actually innocent

Movant claims he is innocent of the charge in Count 1, conspiracy to distribute heroin, "due to the insufficiency of evidence and his unawareness of the standard required to prove that he committed the offense for which he was charged and that his defense attorney provide ineffective assistance in securing his plea agreement."

To show actual innocence, a defendant must produce "new reliable evidence" and "show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 324; United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999); Goldsberry v. United States, No. 4:19-CV-00950-AGF, 2020 WL 2085647, at *8 (E.D. Mo. Apr. 30, 2020). "In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of

evidence to support a conviction." <u>Goldsberry</u>, 2020 WL 2085647, at *8 (quoting <u>McNeal v. United States</u>, 249 F.3d 747, 749 (8th Cir. 2001)). The actual innocence standard is "demanding and seldom met"; as a result, the court should find it applies only in an "extraordinary case." <u>Id.</u> (quoting <u>P</u>eck v. United States, No. 4:15-CV-961-ERW, 2015 WL 5518745, at *2 (E.D. Mo. Sept. 17, 2015)).

Here, Movant agreed in the Plea Agreement as to Count 1 that he admitted to "knowingly violating Title 21, United States Code, Section 846, and admits there is a factual basis for the plea[.]" (Plea Agreement at 3). As to Counts 2 and 3, Movant admitted to "knowingly violating Title 18, United States Code, Sections 924(c)(1)(A) and 924(g)(1) and admits there is a factual basis for the plea[.]" (<u>Id.</u> at 3-4). During the change of plea hearing, Movant confirmed he had read the Plea Agreement and admitted he was guilty of each of the elements of the crimes to which he was pleading. (Plea Transcript at 19-21). Movant stated he agreed with the factual basis of the plea as set out by the Government. (<u>Id.</u> at 22).

Further, Movant fails to allege any new and reliable evidence that indicates his innocence. Movant argues the only evidence relied upon by the Government – the testimony of his co-defendants, Demante Syms and Samuel Spires – "is prejudiced due to them testifying for a reward." (Doc. No. 1 at 15). As the Government correctly notes, potential impeachment evidence is insufficient to establish actual innocence needed to overcome procedural default. <u>See</u> <u>Cox v. Burger</u>, 398 F.3d 1025, 1031 (8th Cir. 2005) (evidence that would only serve to potentially impeach the credibility of a witness, but could not prove actual innocence, is insufficient to overcome a procedure bar of a claim); <u>Taylor v. Griffith</u>, No. 4:15CV1300 RLW, 2018 WL 4407437, at *10 (E.D. Mo. Sept. 17, 2018) (quoting <u>Wilkerson v. Dormire</u>, No. 4:06CV496 RWS,

2009 WL 605089, at *5 (E.D. Mo. Mar. 5, 2009) ("The evidence merely tends to impeach the testimony of two police officers and buttress Petitioner's defense. This, however, is insufficient to demonstrate actual innocence."); Scranton v. Steele, No. 4:08CV766 RWS, 2011 WL 13377627, at *3 (E.D. Mo. Mar. 17, 2011). As a result, Movant cannot show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes for which he was convicted. See Schlup, 513 U.S. at 327-28. Ground 6 is denied.

### 7.   Retroactivity of First Step Act changes[3]

Movant asserts that the sentences he received on Counts 2 and 3, which charged him with possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), should not run consecutively given a change in the law made by the First Step Act that took effect after Movant was sentenced.

At the time of Movant's sentencing in 2018, if multiple § 924(c) counts were charged in the same indictment, the first § 924(c) conviction carried a mandatory, five-year consecutive sentence, and each additional § 924(c) conviction added another 20 years. This was because under the original version of the statute, a § 924(c) conviction was considered "second or subsequent" – thus triggering the 25-year minimum sentence – even if the first § 924(c) conviction was obtained in that same case. United States v. Logan, No. 97-CR-0099(3) (PJS/RLE), 2021 WL 1221481, at *9 n. 12 (D. Minn. Apr. 1, 2021) (citing Deal v. United States, 508 U.S. 129, 132 (1993)). The First Step Act ended this practice, known as sentence "stacking," by clarifying that the 25-year

---

[3] The Court rejected Movant's argument that his sentence was based on "stacked" § 924(c) charges in its denial of Movant's motion for compassionate release. (Case No. 4:15-CR-230-1, Doc. No. 430).

mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and already "has become final." Id. (quoting § 403(a) of the First Step Act). In other words, the 25-year mandatory minimum "no longer applies to multiple § 924(c) convictions obtained in a single prosecution." Id. Congress has expressly declined to make this change to § 924(c) retroactive as a matter of sentencing policy. United States v. Loggins, 966 F.3d 891, 892-93 (8th Cir. 2020). Because Movant was sentenced before the First Step Act was passed in December 2018, its amendments do not apply. The First Step Act does not mandate reversal of Movant's convictions as habeas relief. Ground 7 is denied.

## IV.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jacobi Temple's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1,14] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment of dismissal accompanies this memorandum and order.


Dated this 28th day of September, 2022.


**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

18