**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACOBI R. TEMPLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-01758-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jacobi R. Temple's Motion for Reconsideration of his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 31. For the reasons set forth below, the Court will construe Petitioner's Motion for Reconsideration as a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and the Motion will be dismissed.

### Background

The background of this case is set out in detail in the Court's prior order (ECF No. 26) and incorporated by reference herein. Briefly, following a guilty plea to one count of conspiracy to distribute heroin and two counts of possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime resulting in death, Petitioner was sentenced on June 27, 2018 to a term of imprisonment of 600 months, followed by five years of supervised release. *See USA v. Temple et al*, 4:15-cr-00230-JAR-1, ECF Nos. 372 & 408.[1] Petitioner is currently incarcerated at USP McCreary with an expected release date of August 30, 2058.

On June 20, 2019, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The United States of America filed its response on November 7,

[1] Filings in Petitioner's criminal case will be referenced hereinafter as "Crim. ECF No."

2019. ECF No. 12. On November 18, 2019, Petitioner filed a motion for leave to file an amended petition, which the Court granted and construed as his amended § 2255 motion. ECF Nos. 14 & 15. The United States of America filed its response to the amended motion on January 2, 2020. ECF No. 20. On September 28, 2022, the Court denied Petitioner's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 26.

On October 20, 2022, Petitioner filed notice of his intent to file a motion under Federal Rule of Civil Procedure 59(e). ECF No. 28. On March 13, 2023, Petitioner filed a "Request from the Court of Appeals for an Extension to Appeal the Decision of My 2255." ECF No. 29. The U.S. Court of Appeals for the Eighth Circuit referred the request to this Court, where it was denied. ECF No. 30. On December 26, 2023, Petitioner filed the Motion for Reconsideration now before the Court. ECF No. 31.

On June 8, 2026, the Eighth Circuit denied Petitioner's motion for authorization to file a successive habeas petition. ECF No. 32; *Jacobi Temple v. United States* (No. 26-1669) (8th Cir. June 2026) (judgment). Petitioner filed a petition for en banc rehearing, which the Eighth Circuit denied on July 20, 2026. ECF No. 33.

**Discussion**

Petitioner's Motion for Reconsideration expands upon a double jeopardy argument Petitioner made in his initial motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was incorporated into his amended motion, and relies upon the same Supreme Court case cited in his motion for authorization to file a successive habeas petition. *See* ECF Nos. 1, 14, & 31; *Jacobi Temple v. United States* (No. 26-1669) (8th Cir. April 2026) (motion). Petitioner states that he brings the Motion pursuant to Federal Rule of Civil Procedure 59(e) and appears to argue an "intervening change in controlling law" as its basis. ECF No. 31. Petitioner also argues for an exception to his waiver of his right to appeal his conviction in a post-conviction proceeding.

*Id.* at 2-3.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999)). "A motion for reconsideration is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co*., 867 F.3d 992, 997 (8th Cir. 2017) (internal citation and quotation marks omitted). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist*., 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

Federal Rule of Civil Procedure 59(e) permits the Court to rectify its own mistakes immediately following the entry of judgment. *Norman v. Ark. Dept. of Educ*., 79 F.3d 748, 750 (8th Cir. 1996). Thus, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (citing *Metro. St. Louis Sewer Dist*., 440 F.3d at 933). Under Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Petitioner's Motion seeks reconsideration of the Court's September 28, 2022 Order denying Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 31. As an initial matter, therefore, Petitioner's December 26, 2023 Motion was filed more than a year after the deadline set forth by Rule 59(e).

Moreover, "[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036

(8th Cir. 2005) (noting the district court had correctly denied a Rule 59(e) motion that ultimately sought to "resurrect the denial of [an] earlier § 2255 motion" as an effort to file a successive motion for post-conviction relief without authorization). "28 U.S.C. § 2244(b) . . . prohibits a district court from considering a successive petition absent direction from the Court of Appeals." *Barnett*, 941 F. Supp. 2d at 1104 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). In such instances, the Court can "either transfer the Motion to the Court of Appeals or dismiss it for filing the Motion with lack of authorization." *Lindsey v. United States*, No. 4:09CV00267 ERW, 2011 WL 304589, at *1 (E.D. Mo. Jan. 28, 2011) (citing *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002)).

Here, Petitioner's Motion for Reconsideration expands upon an alleged double jeopardy violation that was raised in his prior § 2255 motion and asks the Court to reconsider its denial of that motion. *See* ECF Nos. 1, 14, & 31. Petitioner's Motion, which attempts to resurrect the denial of his prior § 2255 motion, is therefore properly treated as a successive § 2255 motion.[2] *See Lambros*, 404 F.3d at 1036. Petitioner has already filed a motion for authorization to file a successive habeas application with the Eighth Circuit, in which he cited the same Supreme Court case relied on in the instant Motion. *See* ECF No. 31 (citing *Lora v. United States*, 599 U.S. 453 (2023)); *Jacobi Temple v. United States* (No. 26-1669) (8th Cir. April 2026) (motion) (citing the same). The Eighth Circuit denied that motion. *Jacobi Temple v. United States* (No. 26-1669) (8th

[2] The Supreme Court has held that a Rule 59(e) motion—"*i.e.*, a motion filed within 28 days that seeks to correct an error in the District Court's judgment prior to an appeal"—should not be considered a second or successive habeas application. *See Rivers v. Guerrero*, 605 U.S. 443, 453 (2025) (citing *Banister v. Davis*, 590 U.S. 504, 511 (2020)). That holding does not apply here, where Petitioner's Motion was filed more than a year after Rule 59(e)'s "narrow window" had passed, long after the Court's judgment had become final. *See Banister*, 590 U.S. at 516-17 ("[A Rule 59(e) motion] does not enable a prisoner to abuse the habeas process by stringing out his claims over the years. It instead gives the court a brief chance to fix mistakes before its (single) judgment on a (single) habeas application becomes final and thereby triggers the time for appeal."). Because this Court "has entered its judgment with respect to the first habeas petition, a second-in-time application qualifies as 'second or successive' and is thus properly subject to the requirements of § 2244(b)." *Rivers*, 605 U.S. at 446-47.

Cir. June 2026) (judgment). The Court may not consider a successive § 2255 motion absent direction from the Eighth Circuit, much less where the Eighth Circuit has already denied Petitioner authorization to file such a motion. *See Barnett*, 941 F. Supp. 2d at 1104. The Court therefore finds that dismissal of this Motion is appropriate.

Even if Petitioner's Motion were not construed as a successive § 2255 motion and dismissed on that basis, it would fail on the merits. The Motion notes that Petitioner previously argued that "he was placed in double jeopardy in regards to the two 924(c) violations," which were "punishable under 924(j)." ECF No. 31 at 2 (quotations omitted). Petitioner argues that "the Supreme Court has since put a hault [sic] to this court practice." *Id.* According to Petitioner, "[p]lainly speaking, a defendant 'cannot receive both subsection (c) and subsection (j) sentences for ***the same conduct***.'" ECF No. 31 at 2 (quoting *United States v. Munoz*, No. 12 CR. 00031 (VM), 2023 WL 4300981, at *11 (S.D.N.Y. June 30, 2023) (emphasis in original) (citing *Lora,* 599 U.S. at 461)). Based on this, Petitioner argues that the Court determined his sentence based on an improper premise, which Petitioner appears to assert resulted in him "being twice punished for the same offence." ECF No. 31 at 2 (citations omitted).

The holding of *Lora v. United States*, the case on which Petitioner's argument rests, does not support Petitioner's position. In *Lora*, the Supreme Court held that "the consecutive-sentence mandate in § 924(c)(1)(D)(ii) does not govern § 924(j) sentences," clarifying that district courts have discretion to impose a § 924(j) sentence that runs consecutively to or concurrently with another sentence. *Lora*, 599 U.S. at 455, 464 (2023). Petitioner's statement that a defendant "cannot receive both subsection (c) and subsection (j) sentences for ***the same conduct***" was a summary of the Government's position in Lora, not the Supreme Court's holding. *Munoz*, 2023 WL 4300981, at *11 (emphasis in original) (citing *Lora*, 599 U.S. at 461). And, as Petitioner's own Motion acknowledges, "the Supreme Court [in *Lora*] expressed no position on the

Government's view of double jeopardy." *Munoz*, 2023 WL 4300981, at *11 (cleaned up); *see also* ECF No. 31 at 2; *Lora,* 599 U.S. at 461. Thus, Petitioner's Motion, which focused on the Government's position in *Lora* rather than its actual holding[3], does not show a "manifest error of law" under Rule 59(e) or an "intervening change in controlling law" as Petitioner argues. And even if it had, Petitioner did not receive separate 18 U.S.C. § 924(c) and § 924(j) sentences for the same conduct. Rather, Petitioner pled guilty to two counts, which referenced both § 924(c) and § 924(j) but were punishable under § 924(j), for conduct resulting in *separate* deaths. *See* Crim. ECF No. 372; *see also* ECF No. 26 at 8-9.

Petitioner's argument for an exception to the waiver of his right to appeal his conviction in a post-conviction proceeding would also fail. Petitioner argues that his case falls under an exception to waiver that is available where the double jeopardy violation is apparent on the "face of the record." *See* ECF No. 31 at 3 (quoting *United States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017)). For the reasons discussed above, it cannot be said that this is a case where "the face of the record at the time the plea was entered shows that the district court did not have the power to enter the second conviction or to impose sentence." *See Pierre*, 870 F.3d at 848 (quotation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 31) is **RECLASSIFIED** as a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that this Motion (ECF No. 31) is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals.

---

[3] Though it does not appear to be the focus of the instant Motion, to the extent Petitioner intended to bring an argument under the actual holding of *Lora*, this Court has already addressed that argument in its denial of Petitioner's Motion for Compassionate Release. *See* Crim. ECF No. 463.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 28th day of October, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE